## McKENZIE v. SIFFORD.

1. DECREE IN MCKENZIE v. SIFFORD, 48 S. C., 462, CONSTRUED.—The proper construction of the Circuit decree in *McKenzie* v. *Sifford*, 48 S. C., 462, is that sums received by wife from her husband are part payments on her separate estate in his hands, and could not operate as a release of her interest in his estate, nor of accord and satisfaction of full amount due from her separate estate.

2. EVIDENCE—FRAUDULENT INSTRUMENT.—An instrument once adjudged null and void cannot have the effect of sustaining an allegation in another suit.

3. ACCOUNTING—APPEAL.—The allowance of an improper credit is not ground for reversal at instance of benefited party.

Before BUCHANAN, J., May, 1897. Affirmed.

Action by Jane C. McKenzie *v.* Stanhope A. Sifford and Geo. W. S. Hart, as executor of Stanhope McKenzie. From judgment for appellant defendant appeals.

*Mr. Geo. W. S. Hart,* for appellant, cites: *Settlement had is binding in absence of fraud, mistake or accident:* 2 Strob. Eq., 153; 167 U. S., 396; 43 S. C., 223. *Judgment in first action only estops parties thereto in second action for a seperate claim as to issues of points controverted:* 94 U. S., 353; 167 U. S., 397; 48 S. C., 467; 49 S. C., 512. *Diligence necessary where settlement is to be opened:* 4 Rich. Eq., 356; 34 S. C., 267. *Questions raised settled by accord:* 2 Speer, 437; 20 Johns., 79; 6 Cranch., 264; 17 S. C., 404; Dud., 52; 8 S. C., 279.

*Messrs. W. B. McCaw* and *S. W. Perrin,* contra, cite: *Married woman cannot bar herself from claiming constitutional benefits:* 16 S. C., 410. *Evidence of contract being void, testimony of original contract is admissible:* 19 S. C., 264. *Res judicata:* 19 S. C., 264, 399; 40 S. C., 189; 14 S. C., 351; 17 S. C., 40; 19 S. C., 156; 16 S. C., 621; 18 S. C., 582. *No accord and satisfaction can be pleaded in this case:* 16 S. C., 410; Rice Eq., 106; 2 Strob., 203; 8 Rich., 438. *Married woman could not execute such paper:* 24 S. C., 461; 26 S. C., 517; 28 S. C., 303; Con., art. 14, sec. 8; 16 Johns., 281; 16 S. C., 96; 38 S. C., 432, 519. *Findings below not appealed from are final:* 47 S. C., 525; 22 S. C., 106; 16 S. C., 362. *Estoppel of judgment extends to whole matter:* 8 S. C., 289. *A defense not made in former suit precluded by judgment:* 21 S. C., 74, 75; 10 S. C., 199; 13 S. C., 127; 19 S. C., 253. *No valid accord and satisfaction in absence of legal instrument to support it:* 24 S. C., 491; 26 S. C., 517; 27 S. C., 537; 16 S. C., 91; 3 J. J. Marsh., 494; 2 Waits, 424; 3 Strob., 207. *Rule as to finding of fact below:* 44 S. C., 486; 45 S. C., 503; 47 S. C. 347. *Exceptions too general:* 42 S. C., 281; 44 S. C., 485; 51 S. C., 55; 30 S. C., 170; 43 S. C., 99; Rule V. of Supreme Court. *Costs in equity cases in discretion of chancellor:* 18 S. C., 555, 271; 36 S. C., 575.

April 6, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The complaint in this action (omitting the formal and evidentiary statements therein set forth) alleges: 3. "That on the 8th day of November, 1877, Jane C. McKenzie, the plaintiff in this action, intermarried with Joseph Stanhope McKenzie, the testator of the defendants, and from the date of the said marriage until the 13th day of June, A. D. 1891, the said Joseph S. McKenzie was the agent of the plaintiff, and as such agent was put in possession of her entire separate estate, and intrusted with the management thereof, which said separate estate consisted of 200 acres of land, situated in the county and State aforesaid, from which the said testator, in his lifetime, received the rents, for at least seven years immediately preceding the 1st day of January, 1891, of the aggregate net value of $730, and also the following sums of money that likewise came into the hands of the said testator, as agent of the plaintiff, namely: March 1st, 1878 (from estate of Andy Tate), $200; February 15, 1883 (guardian account), $1,595.78; December 7, 1887 (Moore money), $166. 4. That on the 13th day of June, A. D. 1891 (when the testator of defendants, and his wife, the plaintiff in this action, executed the supposed indenture of settlement and separation, which, as to the plaintiff, has been solemnly adjudged to have been null and void and of none effect, and was ordered to be delivered up and cancelled in the case hereinafter named, as will more fully appear by reference being had to a copy of said indenture * * *), the testator of the defendants was indebted to the plaintiffs in the sum of $730, on account of rents received by him as agent of the plaintiff from her 200 acres of land, for seven years immediately preceding the 1st of January, 1891, and in the further sum of $3,113, on account of her money and interest, making the aggregate amount of the plaintiff's separate estate in the hands of her aforesaid agent, the testator of the defendants, on the aforesaid 13th day of June, 1891, when the indenture that has since been cancelled by the order of the Court was executed, the sum of $3,843, no part of which was accounted for or

paid by the testator of defendants in his lifetime, except the sum of $3,000 that was returned to plaintiff, after she was compelled to execute the aforesaid indenture, since cancelled by order of the Court as aforesaid."

The defendants, in their answer, denied certain allegations of the complaint, amongst which was the allegation that the matters herein have been adjudged against them by the decree of his Honor, Judge Benet, to which reference was made in the complaint. They also set up as a defense that there had been accord and satisfaction and full settlement of the matters in controversy.

The plaintiff introduced in evidence the judgment roll in the case decided by his Honor, Judge Benet, in which the said indenture was declared null and void. She also introduced in evidence the said indenture, and another instrument of writing called the covenant, which will hereinafter be set out. Mrs. Jane C. McKenzie, the plaintiff, testified, *inter alia*, as follows: "She was the wife of Joseph S. McKenzie. We were married the 8th day of November, 1877. Mr. McKenzie died the 2d day of June, 1894. On the 13th day of June, 1891, Mr. McKenzie and witness were husband and wife. Mr. McKenzie was guardian of witness. On the 13th day of June, 1891, when the indenture and covenant were executed, Mr. McKenzie had in his possession the following moneys: Guardianship account, $1,595.78; money received from Moore, $166; from the estate of Andy Tate, $200. These sums represented the principal money of witness in the hands of Joseph S. McKenzie. Mr. McKenzie became guardian of witness just after they were married. She thinks, in the spring of 1878. Mr. McKenzie had these moneys in charge from 1878 until June 13th, 1891. He also had the plantation of witness in charge for seven years, from 1884 until 1891. The annual rent of the plantation was 1,500 pounds of lint cotton. Witness knows of her own knowledge that the rent cotton was received by her husband. Cotton ranged in price during that time from 7, 8, and 9 cents, witness thinks. She received for executing

the indenture and covenant $3,000—$1,605 cash, on June 15th, 1891, and the balance by note of Joseph S. McKenzie, due and payable January 1st, 1892. The separate estate of witness, on June the 13th, 1891, consisted of her money, already enumerated, her lands, and the rents of same for seven years. Witness owned 200 acres of land. Q. What position did you take in regard to the interest of your moneys in the hands of your husband up to and at the time of the settlement? Witness contended that he, McKenzie, was liable for interest on her moneys. Witness contended that he was liable for rent as guardian and agent." Other witnesses also testified in behalf of the plaintiff. The defendants introduced but very little testimony, and none contradictory of that of the plaintiff as to the amount of her separate estate that was in the hands of her husband at the time of the alleged settlement, on the 13th of June, 1891.

The case was tried before his Honor, Judge Buchanan, who decreed in favor of the plaintiff's claim. The defendants appealed upon several exceptions, and the plaintiff gave notice that she would ask this Court to sustain the decree on grounds additional to those upon which the Circuit Judge based his decree.

In order to determine if there was error on the part of the Circuit Judge in refusing to sustain the defense of accord and satisfaction and full settlement, it will be necessary to refer to the decree of his Honor, Judge Benet. Upon the trial of that case the defendants introduced in evidence the said indenture, and the plaintiff contended "that the alleged indenture, as to her, was absolutely without consideration, and *nudum padum*." Judge Benet says: "The next issue raised by the answer of the defendants is: By the indenture of settlement and separation of 13th June, 1891, is the plaintiff, Jane C. McKenzie, estopped from making any further claim against her husband's estate? The indenture is as follows: 'South Carolina, York County. This indenture by and between Joseph S. McKenzie, husband, and Jane C. McKenzie, his wife, witnesseth: That whereas the said Jane C. McKenzie,

for divers reasons which she deems sufficient, desires to live separate and apart from the said Joseph S. McKenzie; and whereas the said Joseph S. McKenzie, upon the request of the said Jane C. McKenzie, and for the consideration hereinafter stated, has returned to the said Jane C. McKenzie all moneys and other property that came into his hands by reason of the relation of husband and wife, or by reason of the prior relation as guardian of the estate of the said Jane C. McKenzie, and has also paid over to the said Jane C. McKenzie other moneys aggregating about $1,000 over and above the principal sums received by him, on account of the estate of the said Jane C. McKenzie.    Be it known that we, the said Joseph S. McKenzie and the said Jane C. McKenzie, husband and wife, at present living separate and apart from each other, do hereby, each for himself and herself, renounce, release unto the other all claim for any further account, or for any moneys or property to be paid or delivered by one to the other, either by way of support, maintenance, alimony, or in any other manner or claim, either at law or in equity, solemnly and forever.    In faith whereof, witness our hands and seals, this 13th day of June, 1891' (then follows the signatures and seals and attestation of witnesses) * * *    The testimony shows that at the date of its execution, McKenzie was indebted to his wife in the sum of $3,113, and, also, it must be held, in the further sum of $730, for rent received by him from her 200 acres of land. He has admitted that he has so earmarked each investment he had made of his wife's money that he could at any time ascertain the exact amount of her separate estate, increased by interest.    It is evident that, for far less than the amount due her by her husband on her money and interest alone, this unhappy and ill-used wife, in order to recover only a part of her own separate estate, which her husband was bound in law to restore to her in full, was required to renounce and release unto him, a man of large means, all claims for any support, or any other claim, solemnly and forever.    The statement of facts shows clearly, that as to

the plaintiff, the indenture was entirely without considera-
tion, a naked agreement, and, as such, it can neither bind
nor estop Jane C. McKenzie * * * It is not amiss to note
that, under the act of 1887 (19 Stat., 819), the plaintiff, as
a married woman, was entitled to 'all her earnings and in-
come.' The testimony showed that the plaintiff's income
arising from interest and rents from the passage of that act
to the date of the indenture, must have amounted to $1,000,
or thereabouts, equal to the sum claimed as 'other moneys'
in the indenture 'over and above the principal sums received
by him' (McKenzie) on account of his wife's estate. This
fact certainly adds strength to the finding that there was
total lack of consideration." Judge Benet decreed that the
indenture should be cancelled, which was accordingly done.

The instrument of writing called the covenant, is as fol-
lows: "State of South Carolina, County of York. In con-
sideration that my husband, Joseph S. McKenzie (from
whom I am living separate and apart), has paid over to me
all moneys, and returned to me all the property belonging
to me at the time of our marriage, and since acquired by
me, and has, in addition thereto, paid me a sum of money
approximating $1,000. Be it known that I, Jane C. Mc-
Kenzie, in consideration of the premises aforesaid, and as
inducement to the settlement before recited, do promise and
agree to release unto my said husband, his heirs or assigns,
all my right and claim of dower, to and in any and all lands
now or heretofore owned by him, and also to and in any and
all lands or real estate that may hereafter come to him by
purchase or devise. And by these presents I do hereby
solemnly adopt and confirm my said promise and undertak-
ing, and do presently release and acquit to the said Joseph
S. McKenzie, his heirs, and assigns, all my right and claim
of dower to, and in all lands held by him, or that he may
thereafter acquire. And I do further bind myself to execute
formal renunciation of dower before any officer qualified to
take same, in and upon any and all deeds of conveyance, or
in and upon any other paper, as to any or all real estate held

or to be held, so as to more fully evidence this release of claim of dower, whenever such formal renunciation should be requested of me, or whenever necessary and proper that this release and renunciation should be evidenced in any other manner. And on failure or refusal on my part, to execute any paper contemplated or required of me by this covenant, within a reasonable time after request made of me, to forfeit and pay to the said Joseph S. McKenzie, his heirs and assigns, the sum of $1,000 liquidated damages in good and lawful money. In faith whereof, witness my hand and seal, this 13th day of June, 1891." (Then follow the signature, seal, and attestation.)

The appellants contend that there was accord and satisfaction on account of the payment of $600 or over, and the execution and delivery of a note in the sum of $1,400 to the plaintiff by defendant's testator, on the 13th day of June, 1891, when the indenture was executed. This sum of money, to wit: the $600 or over, and the said note for $1,400, constituted a part of the consideration of the said indenture. Judge Benet decided that the entire consideration therein expressed, was only a portion of what was due her by her husband from her separate estate. The proper construction of this decree is that the sums received by the plaintiff were in the nature of payments in part of the amount due her by her husband from her separate estate, but that they should not operate as a release of her interest in his individual estate, nor as accord and satisfaction in full of the amount due her by defendant's testator from her separate estate.

The appellants contend that the recitals in the indenture and covenant sustain the defense of accord and satisfaction. To give to them this effect, would allow them to render null and void the decree of the Court, which cannot be done.

The appellants also contend that the decree of Judge Benet was not *res judicata* as to the *amount* due the plaintiff by her husband from her separate estate. Even if such

be the case, the testimony sustains the decree of his Honor, Judge Buchanan, as to that finding.

The appellants contend, further, that the $1,000 mentioned in the indenture was the consideration for executing the release of dower, and that the Supreme Court has so held in another case. We do not, however, see that the appellants, *in this case*, can derive any benefit from that fact. It would only show that they had been allowed an improper credit, but would not disprove the fact that the plaintiff is entitled to judgment for the amount stated in the decree herein.

The respondent admitted in open court that the Circuit Judge had inadvertently allowed interest from the 13th day of February, 1891, instead of from the 13th of June, 1891, and that a remittitur would be entered upon the judgment to the amount of the interest erroneously allowed. It will, therefore, be unnecessary for this Court to modify the decree in that respect. These views practically disprove of all the exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

Mr. Chief Justice McIver and Messrs. Justices Pope and Jones *concur in the result.*

April 25th, 1898. Per Curiam. This is a motion submitted on behalf of appellants to correct the judgment rendered by this Court in the above stated case, and filed on the 6th day of April, 1898. The correction proposed is "to modify the judgment below (instead of affirming it), by reducing the amount found in the Circuit decree on the 20th day of May, 1897, from $1,200.95, to $1,186.29, and thus to make the judgment conform to the opinion of the Court and the concession made in open Court, to wit: that so much of the fourth exception was well taken as charged that the Circuit Judge erred in allowing interest from February 13th, 1891, instead of June 13th, 1891." The supposed necessity

for this correction doubtless arose from the fact that, in the copy of the opinion of Mr. Justice Gary, obtained by counsel for appellants, Mr. Justice Gary is represented as saying—after mentioning that counsel for respondent had, in open Court, admitted the error complained of in the fourth exception, in reference to the interest, and declared their willingness to correct such error, by remitting on the record the excess of interest charged—"It will, therefore, be necessary for this Court to modify the decree in that respect;" whereas, it appears by reference to the *original* opinion now on file in this Court, that Mr. Justice Gary did not say that it was "*necessary*" to modify the decree in respect to the interest; but, on the contrary, what he did say, was, that it was "*unnecessary*" to modify the decree of the Circuit Court. It is, therefore, apparent that what was said in the opinion, is in no wise inconsistent with the language used in the judgment; and hence, when the judgment is read in connection with what is said in the opinion, there is no real necessity for any correction of the judgment. But to remove any possible doubt upon the subject, it is ordered, that the judgment heretofore rendered in this case be so amended as to read as follows: "It is the judgment of this Court, that the judgment of the Circuit Court, as modified by consent of counsel for respondent in open Court, be affirmed."